UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re ) | Chapter 11 | |
| ) | Case No. 12-23016 | |
| Nancy Sargent Gustin, ) | Hon. A. Benjamin Goldgar | |
| ) | Hearing Date: July 31, 2013 | |
| Debtor. ) | Time: 9:30 a.m. | |

**COVER SHEET FOR APPLICATION FOR
PROFESSIONAL COMPENSATION**

Name of Applicant:           Joseph A. Baldi of Baldi Berg & Wallace, Ltd.,
                             Attorneys at Law

Authorized to Provide        Nancy Sargent Gustin
Professional Services to:    Debtor and Debtor in Possession

Date of Order Authorizing
Employment:                  December 19, 2012

Period for Which
Compensation is sought:      April 26, 2013 through July 1, 2013

Amount of Fees sought:       $4,855.00

Amount of Expense
Reimbursement sought:        $136.38

This is a:      Interim Application __        Final Application __X__

If this is <u>not</u> the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed |
|---|---|---|---|
| May 1, 2013 | 11/13/2013 – 4/26/2013 | $ 27,765.50 fees | $ 23,933.00 fees |
| May 1, 2013 | 11/13/2013 – 4/26/2013 | $  1,152.95 exp. | $     968.90 exp. |

The aggregate amount of fees and expenses <u>paid</u> to the Applicant to date for services rendered and expenses incurred herein is:  $ <u>24,901.90</u> .

Dated:  July 10, 2013              Baldi Berg & Wallace, Ltd.

                                   By:   <u>/s/ Joseph A. Baldi</u>
                                         Principal of the Firm

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | Case No. 12-23016 |
| Nancy Sargent Gustin, | ) | Hon. A. Benjamin Goldgar |
| | ) | Hearing Date: July 31, 2013 |
| Debtor. | ) | Time: 9:30 a.m. |

**Notice of Application**

To:    See Attached Service List

PLEASE TAKE NOTICE that on **July 31, 2013 at 9:30 a.m.** or as soon thereafter as counsel may be heard, we shall appear before the Honorable A. Benjamin Goldgar, United States Courthouse, 219 South Dearborn Street, Room 642, Chicago, Illinois and then and there present the **Final Application for Allowance and Payment of Compensation and Reimbursement of Expenses of Baldi Berg & Wallace, Ltd., Attorneys for Debtor in Possession**, a copy of which is attached hereto and hereby served upon you.

                                                   /s/ Joseph A. Baldi

**Certificate of Service**

I, Joseph A. Baldi, an attorney, hereby certify that I caused a true and correct copy of the foregoing Notice of Motion and the document identified therein to be served on the persons on the attached service list at their respective addresses via electronic mail and/or first class mail delivery, as indicated on the attached service list, on July 10, 2013.

                                                   /s/ Joseph A. Baldi

Joseph A. Baldi
Julia D. Loper
BALDI BERG & WALLACE, LTD.
20 N. Clark, Suite 200
Chicago, Illinois  60602
312-726-8150

*Service List*
**Nancy Sargent Gustin, debtor**
**Case No. 12-23016**

**Via CM/ECF Electronic Notice**

Office of the U.S. Trustee
USTPRegion11.ES.ECF@usdoj.gov

Rick L Rogers
The Rogers Law Group
cshepard@therogerslawgroup.com

Russell R Custer, JR
Lillig & Thorsness Ltd
rcuster@lilliglaw.com

Michael J. Weicher
Lillig & Thorsness, Ltd.
mweicher@lilliglaw.com

Jonathan N Rogers
Stitt, Klein, Daday, Aretos, et al
jrogers@skdaglaw.com

Lydia Y Siu
Pierce and Associates
lsiu@atty-pierce.com

Keith Levy
Manley, Deas, Kochalski
bankruptcy@mdk-llc.com

**Via First Class Mail**

Nancy Sargent Gustin
343 Park Avenue #3E
Highland Park, IL 60035

James Gustin
1313 Swainwood Drive
Glenview, IL 60025

Bank of America, N.A.
450 American St.
Simi Valley, CA 93065

Bank of America
PO Box 982238
El Paso, TX 79998

Chase Mht Bk
Attention: Bankruptcy
PO Box 15298
Wilmington, DE 19850

Citibank Sd, Na
Attn: Centralized Bankruptcy
PO Box 20507
Kansas City, MO 64195

Valentine & Kebartas, Inc.
PO Box 5804
Troy, MI 48007-5804

Chicago Title Land Trust Co.
Legal Department
10 S. LaSalle St., Suite 2750
Chicago, IL 60603

Disney Vacation Club Management
Karen Shattle
1390 Celebration Blvd.
Celebration, FL 34747

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | Case No. 12-23016 |
| Nancy Sargent Gustin, | ) | Hon. A. Benjamin Goldgar |
| | ) | Hearing Date: July 31, 2013 |
| Debtor. | ) | Time: 9:30 a.m. |

**Final Application for Allowance and Payment of Compensation and Reimbursement of Expenses of Baldi Berg & Wallace, Ltd., Attorneys for Debtor in Possession**

Joseph A. Baldi of Baldi Berg & Wallace, Ltd. ("BB&W"), attorneys for Nancy Sargent Gustin, Debtor in Possession ("Debtor"), pursuant to sections 330 and 331 of title 11, United States Code ("Code"), requests this Court to enter an order (a) allowing final compensation to BB&W in the amount of $4,855.00 for 18.9 hours of legal services rendered to the Debtor from April 26, 2013 through July 1, 2013; (b) allowing to BB&W $136.38 for reimbursement of its expenses incurred in connection with such services; and (c) authorizing and directing the Debtor to pay such allowances forthwith; and (d) making all fees and expenses paid to BBW final. In support thereof, BB&W respectfully states as follows:

**Introduction**

1. This bankruptcy case was commenced on June 6, 2012 ("Petition Date"), by the filing of a voluntary petition for relief under chapter 7 of title 11, United States Code ("Code"). On November 30, 2012, this case was converted to a case under chapter 11 of title 11 of the Code.

2. Pursuant to sections 1107 and 1108 of the Code, the Debtor continues to manage her assets as a debtor in possession.

3. No creditors' committee, trustee or examiner has been appointed in this chapter 11 case.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

### History of the Case

5. Nancy Sargent Gustin is an individual who, along with her now ex-husband James Gustin ("James"), owned two residential investment properties and a single family home. The lenders on the two investment properties have completed their foreclosure proceedings. Prior to the Petition Date, one of the lenders, STC Capital Bank ("STC") obtained a judgment against James and Debtor for the deficiency on the mortgage following its foreclosure sale. STC served a third party citation to discover assets on Charles Schwab and a wage garnishment on Debtor's employer. STC also issued a third party citation to Debtor for turnover of any property of James in her possession. The lender on the single family home has lifted the automatic stay in this case in order to proceed with its foreclosure. Debtor's main assets are funds from tax refunds and investment accounts and her disposable income from ongoing employment.

Debtor entered into a settlement with STC wherein it returned the wages garnished and half of the funds seized from the Charles Schwab account and Debtor turned over to STC a portion of income tax refunds which belonged to James pursuant to the citation. Debtor filed her plan and disclosure statement and on May 20, 2013, this Court determined that the disclosure statement was adequate and confirmed Debtor's chapter 11 plan. Debtor has substantially consummated the plan by making the initial quarterly plan payments and completing her reporting requirements with the U.S. Trustee. Because there are no other matters for the Court to administer, Debtor has concurrently filed her motion to close the case.

### Retention of BB&W

6. On December 19, 2012, this Court entered an order authorizing the Debtor to employ BB&W as her attorneys in this case ("Retention Order"). A copy of the Retention Order is attached hereto as Exhibit A. BB&W has served as counsel for the Debtor at all times since its retention by the Debtor.

7. The professional qualifications and experience of the BB&W attorneys and paralegals that performed substantial legal services for the Debtor during the period covered by

this Application are set forth in Exhibit B.  A listing of the attorneys and paralegals who were responsible for representing the Debtor during the period covered by this fee application, their position with the firm, hourly rate and the total hours expended by each professional is detailed below:

| **PROFESSIONAL** | **TITLE** | **RATE** | **HOURS** | **FEES** |
|---|---|---|---|---|
| Joseph A. Baldi | Principal | $450.00 | 1.0 | $450.00 |
| Julia D. Loper | Associate | $250.00 | 17.2 | $4,300.00 |
| Julia D. Loper | Associate | No charge | .1 | $0.00 |
| Jason M. Manola | Paralegal | $175.00 | .6 | $105.00 |
| **TOTALS** | | | **18.9** | **$4,855.00** |

**Prior Compensation**

8.  This is the second and final application for allowance and payment of compensation that BBW has filed in this case.  BBW filed its first application ("First Application") for allowance and payment of compensation on May 1, 2013.  The period covered by the first application and the amounts awarded to BB&W pursuant thereto are as follows:

| Application | Date of Order | Amounts Requested | Amounts Allowed |
|---|---|---|---|
| First Application<br>11/13/2012 – 4/26/2013 | 5/20/2013 | $ 27,765.50 fees<br>$  1,152.95 exp. | $ 23,933.00 fees<br>$     968.90 exp. |

A copy of the May 20, 2013 compensation order is attached hereto as Exhibit F.  A recapitulation, by category, of the amounts requested for compensation and expenses in the First Application is attached hereto as Exhibit G.

**Services Rendered by BB&W**

9.  Itemized and detailed descriptions of the specific services rendered by BB&W to the Debtor for which compensation is sought in this Application are reflected on the billing statements attached hereto as Exhibit C.  The billing statements set forth the name of each attorney or paralegal, the amount of time expended rendering each service, the date on which

3

each service was rendered, a description of the service rendered and the total number of hours of services rendered by each attorney or paralegal in each category.

10. The services rendered by BB&W have been segregated into four (4) specific categories and an itemized summary list is set forth below:

| Category | Total Hours | Total Fees |
|---|---|---|
| General Administration | 2.8 | $700.00 |
| Fee Applications | 5.1 | $1,250.00 |
| Operating Reports | 2.9 | $725.00 |
| Plan & Disclosure Statement | 8.1 | $2,180.00 |
| **Totals** | **18.9** | **$4,855.00** |

11. A description of the services rendered by BB&W in each category during the period covered by this Application is as follows:

11.1   General Administration:   During the period covered by this Application, BB&W represented Debtor in connection with her chapter 11 case.  BB&W researched chapter 11 case closings and drafted a motion to enter a final decree to close this case.

In connection with the foregoing services, BB&W spent 2.8 hours for which it requests allowance and payment of final compensation in the amount of $700.00, as detailed below:

| Professional | Hours | Rate | Fees |
|---|---|---|---|
| Julia D. Loper | 2.8 | $250.00 | $700.00 |
| **Totals** | 2.8 | | $700.00 |

11.2 Fee Applications:  During the period covered by this Application, BB&W finalized its first interim fee application and prepared this final fee application.  BB&W prepared Debtor's application to pay the accountant for the estate.

In connection with the foregoing services, BB&W spent 5.1 hours for which it requests allowance and payment of final compensation in the amount of $1,250.00, as detailed below:

4

| Professional | Hours | Rate | Fees |
|---|---|---|---|
| Julia D. Loper | 5.0 | $250.00 | $1,250.00 |
| Julia D. Loper | .1 | No charge | 0.00 |
| **Totals** | 5.1 | | $1,250.00 |

11.3 Operating Reports:  During the period covered by this Application, BB&W prepared monthly operating reports for April and May 2012 and timely filed the reports.  BB&W also prepared and filed quarterly trustee reports from the commencement of the case to date.

In connection with the foregoing services, BB&W spent 2.9 hours for which it requests allowance and payment of final compensation in the amount of $725.00, as detailed below:

| Professional | Hours | Rate | Fees |
|---|---|---|---|
| Julia D. Loper | 2.9 | $250.00 | $725.00 |
| **Totals** | 2.9 | | $725.00 |

11.4 Plan & Disclosure Statement:  During the period covered by this Application, BB&W compiled ballots and prepared Debtor's ballot report.  BB&W contacted creditors to solicit ballot submission and to provide further information requested by creditors.  BB&W prepared proposed orders on the plan and disclosure.  BB&W prepared for and attended the hearing on the adequacy of Debtor's disclosure statement and confirmation of the plan.  BB&W served the confirmed plan and confirmation order on all parties.  BB&W prepared documents and worksheets for Debtor to assist her as disbursing agent in making the plan payments.

In connection with the foregoing services, BB&W spent 8.1 hours for which it requests allowance and payment of final compensation in the amount of $2,180.00, as detailed below:

| Professional | Hours | Rate | Fees |
|---|---|---|---|
| Joseph A. Baldi | 1.0 | $450.00 | $450.00 |
| Julia D. Loper | 6.5 | $250.00 | $1,625.00 |

| Jason M. Manola | .6 | $175.00 | $105.00 |
| --- | --- | --- | --- |
| **Totals** | 8.1 | | $2,180.00 |

**Compensation Requested**

12. BB&W has spent a total of 18.9 hours for the services described in paragraph 11 above through July 1, 2013.  The total value of those services and the amount of compensation requested therefore is $4,855.00.  A summary of the hours spent and the dollar value of the services rendered in each category is attached hereto as Exhibit D (and is listed on the table in paragraph 10 above).

13. All of the services performed by BB&W were required for proper representation of the Debtor in this case, were authorized by this Court and were performed by BB&W at the request and direction of the Debtor.  Pursuant to sections 330 and 331 of the Code and the generally applicable criteria with respect to the nature, extent and value of the services performed, all of BB&W's services are compensable and the compensation requested is fair and reasonable.  There has been no duplication of services rendered to the Debtor by BB&W for which compensation is requested.

14. The rates charged by the attorneys and paralegals of BB&W in this Application were their usual and customary hourly rates charged during the period covered by this Application for work performed for other clients in both bankruptcy and non-bankruptcy matters.  Each of the billing statements attached hereto as Exhibit C contains a comprehensive summary, by category of service, of each person who performed services for the Debtor, the number of hours they expended in each category and the compensation requested therefore.

15. This Application includes 1.5 hours for compensation for services relative to the preparation of this Application.  This Application also includes time spent in finalizing the first interim fee application for BB&W and for the preparation of the application for fees for Accountants.

**Expenses**

16. BB&W has incurred expenses in the amount of $136.38 in connection with its representation of the Debtor during the period covered by this Application for which it now requests reimbursement. Expenses were incurred for the photocopy and mailing charges relating to the service of the confirmed Plan and Disclosure Statement and confirmation order as well as photocopy and mailing charges for the first interim attorney and accountant fee applications.

17. The expenses incurred by BB&W from April 26, 2013 through July 1, 2013, have been recorded and allocated to the specific categories outlined herein and are set forth in detail on the billing statements attached hereto in Exhibit C.

18. A summary, categorized by product type, of the actual expenses incurred by BB&W is set forth below:

| **Expense** | **Cost** |
|---|---|
| Photocopying | $72.40 |
| Postage | $63.98 |
| **Total** | **$136.38** |

**Retainer and Compensation Received**

19. BB&W received an advance payment retainer in the amount of $10,922.00 pursuant to this Court's order on January 7, 2013. Pursuant to this Court's order of May 20, 2013, BB&W applied this retainer to its previously approved fees and expenses and was paid the remainder of its fees and expenses allowed from the first interim application in the amount of $13,979.90.

**Payment of Compensation**

20. The source of the proposed payment to BB&W of the final compensation and expense reimbursement allowed herein is requested to be paid from Debtor's post-petition earnings and funds on hand.

21. BB&W has not entered into any agreement or understanding of any kind, express or implied, with any other entity to share any compensation received or to be received by BB&W for services rendered to the Debtor in connection with this case.

22. BB&W has not previously received or been promised any payments for services rendered in this case except as set forth in paragraph 19 above.

23. The Affidavit of Joseph A. Baldi pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure is attached hereto as Exhibit E and made a part hereof.

### Status of the Case

24. Debtor's plan was confirmed on May 20, 2013.  Debtor has made the first quarterly plan payments to creditors and has paid the approved fees of BB&W and Popowcer Katten, Ltd. Debtor is current on all financial reporting requirements and payments to the U.S. Trustee for chapter 11 fees.

### Notice to Creditors

25. BB&W has provided a copy of this application on 21 days' notice to Debtor, her creditors, all parties and attorneys registered on this Court's ECF, and the United States Trustee.

### Debtor's Approval

26. BB&W certifies that the Debtor has received, reviewed and approved this Application.

WHEREFORE, BB&W requests the entry of an order providing the following:

A.    Allowing to BB&W final compensation in the amount of $4,855.00 for actual and necessary professional services rendered to the Debtor from April 26, 2013 through July 1, 2013;

B.    Allowing to BB&W reimbursement in the amount of $136.38 for its actual and necessary expenses incurred in connection with such services;

8

      C.      Authorizing and directing Debtor to pay BB&W the sum of $4,991.38 in payment of the final compensation and expenses allowed pursuant to this Application;

      D.      Allowing to BB&W that all amounts previously awarded and paid to it as interim compensation shall be deemed final; and,

      E.      Granting such other and further relief as this Court deems appropriate.

Dated:  July 9, 2013                      BALDI BERG & WALLACE, LTD, attorneys for
NANCY SARGENT GUSTIN, debtor
and debtor in possession

By:  /s/ Joseph A. Baldi
      Principal of the Firm

Joseph A. Baldi
Julia D. Loper
BALDI BERG & WALLACE, LTD.
20 N. Clark, Suite 200
Chicago, Illinois  60602
312-726-8150